IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| JOI SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5:15cv029 |
| v. ) | |
| ) | |
| SEMCO SERVICES, INC., et al., ) | By: Hon. Michael F. Urbanski |
| ) | United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on the parties' joint motion to approve compromise settlement of a lawsuit claiming unpaid overtime wages and unlawful retaliation under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (ECF No. 22). The motion adequately addresses the appropriate factors the court must consider in determining the fairness and reasonableness of such a settlement. After inquiry by the court, neither party requested oral argument. Having carefully considered the motion and the exhibits thereto, the court will **GRANT** the parties' request and approve the compromise settlement of this FLSA case.

### I.

Claims under the FLSA cannot be settled absent court approval. In considering a request for approval of a compromise settlement, courts must determine "that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982).

> In reviewing a proposed settlement agreement, a court may limit the proceedings as it sees fit, so long as the record is adequate to allow it to reach an "intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated and form an educated estimate of the complexity, expense and likely duration of such litigation, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise," Flinn v. FMC Corp., 528

> F.2d 1169, 1173 (4th Cir. 1975) (internal quotations omitted). At the same time, however, the settlement hearing is not a trial, and a court's role is more a "balancing of likelihoods rather than an actual determination of the facts and law in passing upon whether the proposed settlement is fair, reasonable and adequate." Id. (quoting Levin v. Mississippi River Corp., 59 F.R.D. 353, 361 (S.D.N.Y. 1973)).

Lomascolo v. Parsons Brinkerhoff, Inc., No. 1:08cv1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).

Courts have identified a number of factors to be considered in evaluating whether a proposed settlement is reasonable, adequate and fair. These factors include: "'(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs;' and finally, 'the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.'" Poulin v. Gen. Dynamics Shares Res., Inc., No. 3:09cv00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (quoting Lomascolo, 2009 WL 2094955, at *10).

Considering the first factor, the parties report that Rule 26(a)(1) Initial Disclosures and written discovery have been exchanged. Although no depositions have been taken to date, all potential witnesses have been identified. Further, although the case remains in the discovery stage, the parties represent that they have been apprised of their respective positions on the facts.

Regarding the third factor, there is no hint that the settlement was infected with fraud or collusion. To the contrary, the settlement was agreed upon during the course of a four hour settlement conference conducted by United States Magistrate Judge Joel C. Hoppe.

Counsel for both parties are highly experienced, and plaintiff's counsel has handled several federal cases under the Fair Labor Standards Act and other federal statutes on behalf of employees and former employees.

While the probability of plaintiff's success on the merits was disputed by the parties, a full exchange of positions took place during the settlement conference resulting in an agreed-upon settlement amount that represented a significant compromise between the parties' initial positions. In particular, the parties report that the compromise represents payment of approximately two-thirds of the total monetary damages sought by plaintiff (before application of any liquidated damages award), and 78% of the overtime claim, plus $6,500 in attorneys' fees. Given the amount of the negotiated settlement, plaintiff did not want to take the risk of not recovering at trial. In addition, plaintiff's counsel averred that it appeared that some of the issues in the case would need to be resolved through expensive and time-consuming forensic discovery, especially on the issues related to electronic evidence. On the other hand, by means of this settlement, defendants avoided the risk of an adverse judgment and the cost and burden of further discovery and a trial. The parties jointly represent that each side was satisfied with the resolution.

As to the issue of attorneys' fees, the court finds the amount to be fair and reasonable. Indeed, plaintiff's counsel reports that his actual fees billed to this case far exceeded the compromised amount and that his actual fees were reduced to facilitate a settlement.

## II.

In sum, considering these factors, the court finds that this settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355. Therefore, an Order approving the settlement will be entered this day.

Entered: August 24, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge